**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 15, 2016

**BY ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

> Re:   *United States* v. *Jose Luis Mejia*
>       05 Cr. 953-08 (RMB)

Dear Judge Berman:

In response to a motion from the defense docketed on February 26, 2015, the memorandum submitted by the Probation Office of the United States District Court for the Southern District of New York on June 3, 2015, and the Court's order dated June 22, 2016, the Government respectfully submits this letter to address the defendant's eligibility for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), in light of the amendments to the Sentencing Guidelines for most offenses involving controlled substances. As set forth more fully below, the defendant is not eligible for a sentence reduction because he is subject to a mandatory minimum term of imprisonment.

      A.    Relevant Background

On or about April 25, 2007, the defendant pled guilty to conspiracy to three counts in a nine-count, superseding indictment: conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin (Count 1s); distribution and possession with intent to distribute at least one kilogram of heroin in violation of 21 U.S.C. §§ 812, 841 (Count 2s); and using or possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 7s).

Pursuant to a plea agreement, the Government predicted that Mejia's Sentencing Guidelines range for the drug trafficking counts would be 135 to 168 months' imprisonment, with a consecutive 60–month prison term mandated by 18 U.S.C. § 924(c)(1)(A)(i) for the firearm count. Mejia agreed that he would not appeal or collaterally challenge any sentence within or below this prediction. *United States* v. *Tejada*, 631 F.3d 614, 616 (2d Cir. 2011). On November 19, 2007, this Court imposed a below-Guidelines, concurrent prison sentence of 120

months, which corresponded to the mandated statutory minimum for each of the drug trafficking counts, and a consecutive prison sentence of 60 months for the firearm count, for a total of 180 months' imprisonment. *See* 18 U.S.C. § 924(c)(1)(A)(i); 21 U.S.C. § 841(b)(1)(A).

The defendant appealed, arguing that the consecutive sentence on the firearm count under 18 U.S.C. § 924(c)(1)(A)(i) had been foreclosed by the Second Circuit's holding in *United States* v. *Williams*, 558 F.3d 166 (2d Cir. 2009) (holding that mandatory consecutive 60–month sentence under § 924(c)(1)(A)(i) does not apply when defendant is subject to longer mandatory minimum for predicate drug trafficking offense). While Mejia's appeal was pending, the Supreme Court abrogated *Williams*. *Abbott* v. *United States*, 562 U.S. 8, 24-25 (2010) (interpreting "except" clause of § 924(c) violation to meant that "[i]f another provision of the United States Code mandates a punishment for using, carrying, or possessing a firearm in connection with a drug trafficking crime or crime of violence, and that minimum sentence is longer than the punishment applicable under Section 924(c), then the longer sentence applies."). The Second Circuit subsequently applied *Abbott* to Mejia's pending appeal. *United States* v. *Tejada*, 631 F3d at 619-20. The Second Circuit held that:

> Because defendant does not stand convicted under both § 924(c) and another provision of law directed to conduct proscribed by § 924(c), he cannot claim the benefit of that statute's exception to its otherwise mandatory minimum consecutive sentence. The district court was statutorily obliged to impose a sentence of 60 months' imprisonment pursuant to § 924(c)(1)(A)(i) consecutive to the mandatory minimum sentence of 120 months' imprisonment for drug trafficking. *Id*. at 619-20.

The defendant has been in custody since August 15, 2005, and, absent credit toward the service of his sentence for satisfactory behavior, his projected release date is August 14, 2020.

B.  Applicable Law

In its recent Amendment 782 to the Guidelines, which became effective November 1, 2014, the Commission lowered the penalties for most drug offenses by reducing most offense levels on Section 2D1.1's Drug Quantity Table by two levels. This amendment affects not only defendants sentenced under Section 2D1.1, but also any defendant sentenced under a guideline that used the Drug Quantity Table in a cross-reference. *See, e.g.,* U.S.S.G. § 2D1.5 (CCE); U.S.S.G. § 2S1.1(a) (money laundering). In Amendment 788, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. Thus, many defendants – potentially the defendant in this case – have become eligible for a sentence reduction pursuant to the recent amendments.

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon* v. *United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

July 15, 2016
Page 3

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827.  As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determining the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1) (alteration omitted)).  If, for any of a number of reasons, the amendment – here, the amendment to Section 2D1.1's Drug Quantity Table – would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing (for example, where the defendant was sentenced as a career offender, or where the bottom of the range was established by a statutory mandatory minimum sentence), then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B). ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.")

Similarly, as to the extent of any possible sentencing reduction, "Courts generally may not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" produced by the amendment. *Dillon*, 560 U.S. at 827 (internal quotation marks omitted).  Although, at one time, there was ambiguity over whether a Court might reduce a defendant's sentence to something less than the minimum of the amended Guidelines range if the defendant had originally received a departure or variance below his original Guidelines range, the Commission has now made clear that even where a defendant originally received a below-Guidelines sentence, he nonetheless may not have his sentence reduced to one that is below the new, amended range; the sole exception being a defendant who previously received a departure based on substantial assistance. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B) [relating to substantial assistance], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]"; *United States* v. *Erskine*, 717 F.3d 131, 137-41 (2d Cir. 2013) (recognizing that current version of Section 1B1.10 prohibits reductions below the bottom of the amended range, irrespective of departures or variances granted at the original sentencing).

"At step two of the inquiry," if the defendant has been determined to be eligible, and the extent of his eligibility has been established, the Court must decide in light of the applicable Section 3553(a) factors whether to grant a reduction "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.  This decision is committed to the Court's discretion. *See United States* v. *Mock*, 612 F.3d 133, 137 (2d Cir. 2010) ("If, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in Dillon requires the district court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.") (internal quotation marks omitted).

July 15, 2016
Page 4

Finally, solely with respect to sentence reduction motions based on Amendment 782 – the amendment at issue here – the Commission has imposed one more important limitation. Specifically, the Commission has directed that a "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." *See* U.S.S.G. § 1B1.10(e)(1). Accordingly, any defendant whose existing sentence will result in his release prior to November 1, 2015 is not eligible for a sentence reduction, and the Court may not reduce any other defendant's sentence to such a degree that it would result in a release date earlier than November 1, 2015.

C. Discussion

The defendant's Guidelines range does not change as a result of the amendment to the Guidelines. This is because Mejia's sentence was driven solely by the mandatory minimum sentences attendant on each count of conviction.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." The Commission has made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant. Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range. *See* U.S.S.G. § 1B1.10 (a)(2)(B).

Courts also agree that where, as here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. *See, e.g., United States* v. *Gonzalez Balderas*, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); *United States* v. *Allison*, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); *United States* v. *Townsend*, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); *United States* v. *Dorrough*, 84 F.3d 1309, 1311 12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); *United States* v. *Armstrong*, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); *United States* v. *Young*, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment).

July 15, 2016
Page 5

      Furthermore, where a statutory mandatory minimum sentence is applicable, the passage of a retroactive guideline amendment is irrelevant.  *See, e.g., United States* v. *Dimeo*, 28 F.3d 240, 241 (1st Cir. 1994); *United States* v. *Hanlin*, 48 F.3d 121, 124-25 (3d Cir. 1995); *United States* v. *Pardue*, 36 F.3d 429 (5th Cir. 1994); *United States* v. *Marshall*, 95 F.3d 700, 701 (8th Cir. 1996); *United States* v. *Mullanix*, 99 F.3d 323, 324 (9th Cir. 1996); *United States* v. *Smartt*, 129 F.3d 539, 542 (10th Cir. 1997); *United States* v. *Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997).

      Accordingly, the Government respectfully submits that the Court does not have the authority to reduce the defendant's sentence.

      Respectfully submitted,

      PREET BHARARA
      United States Attorney for the
      Southern District of New York

By: _____
      Jilan J. Kamal
      Assistant United States Attorney
      (212) 637-2192

cc:    Harry H. Rimm, Esq. (by ECF and email)
        Thomas E. Mixon, Deputy Chief U.S. Probation Officer (by email)