```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/21/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                      Government,

-v-

JOSE LUIS MEJIA,

                      Defendant.
-------------------------------------------------------------X

**DECISION & ORDER**

05 Cr 953 (RMB)

## I. Background

On or about April 25, 2007, Jose Luis Mejia ("Mr. Mejia" or "Defendant") pled guilty to 3 counts, i.e. conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin in violation of 21 U.S.C. § 846 (Count 1); distribution and possession with intent to distribute at least one kilogram of heroin in violation of 21 U.S.C. §§ 812 and 841 (Count 2); and using or possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 7 or "firearm charge").

On November 19, 2007, Mr. Mejia was sentenced to 180 months' imprisonment, which included the mandatory minimum of 120 months for Counts 1 and 2; and the consecutive mandatory minimum of 60 months for Count 7. (Judgment and Commitment Order, dated November 20, 2007, at 2.) At the time of Defendant's sentencing, the Court adopted the findings of fact in the Presentence Investigation Report ("PSR") (Sentencing Tr., dated November 19, 2007 ("11/19/07 Tr."), at 10), which calculated Defendant's offense level as 33 and criminal history category as I. (PSR, dated September 28, 2007, at 14, 15.)[1] Count 1 and Count 2 ("drug charges") were grouped together and resulted in a United States Sentencing Guidelines

---

[1] The Sentencing Transcript incorrectly states (as a result of a typographical error) that the Defendant's "guideline range of 195 to 228 months . . . is based on an offense level of 23 [*sic*] . . . " (11/19/07 Tr. at 3.)

1

("Guidelines") range of 135 to 168 months' imprisonment. (PSR at 6.) As noted, the drug charges were subject to a statutory mandatory minimum of 120 months pursuant to 21 U.S.C. § 841(b)(1)(A)(i). Also, as noted, the firearm charge carried a consecutive statutory mandatory minimum of 60 months pursuant to 18 U.S.C. § 924(c)(1)(A)(i). Thus, Mr. Mejia's effective Guidelines range was 195 to 228 months. (PSR at 6.) The 180-month sentence imposed was the sum of the statutory mandatory minimums for the drug charges and the firearm charge.

On February 9, 2011, following Defendant's initial appeal, the Second Circuit Court of Appeals ruled: "[t]he district court was statutorily obliged to impose a sentence of 60 months' imprisonment pursuant to § 924(c)(1)(A)(i) consecutive to the mandatory minimum sentence of 120 months' imprisonment for drug trafficking." United States v. Tejada, 631 F.3d 614, 620 (2d Cir. 2011).

On February 10, 2015, Mr. Mejia, proceeding pro se, filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), arguing that the "recent amendment to the United States Sentencing Guidelines . . . lowered Defendant's [offense level] by two (2) levels." (Defendant's Motion at 2.)[2]

On June 3, 2015, the United States Probation Office submitted a memorandum which states that Defendant is ineligible for a sentence reduction because his "original sentence of 120 months' imprisonment . . . represents the mandatory minimum, [and is] followed by a mandatory and consecutive 60-month term of imprisonment." (Probation Memo at 1.)

---

[2] Generally, "[a]mendment 782…permits…a two-level reduction of the base offense levels for drug offenders sentenced pursuant to USSG §§ 2D1.1 and 2D1.11." United States v. Boria, No. 00-40024-NMG, 2015 WL 10434875, at *1 (D. Mass. Dec. 1, 2015); see also FCJ Federal Sentencing Guidelines.

2

On June 28, 2016, Jennifer Brown, Esq., of the Federal Defenders Office, submitted a letter on behalf of Mr. Mejia which states that she had "nothing to add to Mr. Mejia's pro se motion." (Defense Counsel Brown Letter at 1.)

On July 11, 2016, Harry Rimm, Esq., who had been (one of several) defense counsel to Mr. Mejia in the prior proceedings, submitted a letter stating that "it appears that the Court sentenced Mr. Mejia to the minimum permissible term in light of the two statutory mandatory minimum sentences (120 months + 60 months) that it was required to impose." (Defense Counsel Rimm Letter at 1.)

On July 15, 2016, the Government submitted a letter opposing Defendant's pro se motion, arguing, among other things, that Mr. Mejia is ineligible for a reduction because his "Guidelines range does not change as a result of the amendment to the Guidelines . . . because Mejia's sentence was driven solely by the mandatory minimum sentences attendant on each count of conviction." (Government Opposition at 4.)

On July 20, 2016, the Court held a conference at which AUSA Jilan Kamal and Mr. Rimm appeared. The Court stated that Defendant's motion would be denied because, among other reasons, he was sentenced pursuant to statutory mandatory minimums. (See Conference Tr., dated July 20, 2016.)

**For the reasons set forth below, Defendant's motion [# 445] is respectfully denied.**

## II. Legal Standard

Dillon v. United States "set forth a two-step inquiry for determining when a district court may reduce a sentence under 18 U.S.C. § 3582(c)." United States v. Williams, No. 98 Cr. 834, 2013 WL 3778808, at *2 (S.D.N.Y. July 19, 2013) (citing Dillon v. United States, 560 U.S. 817 (2010)). First, a court must "determine the prisoner's eligibility for a sentence modification and

3

the extent of the reduction authorized." Dillon, 560 U.S. at 827. A reduction in a defendant's term of imprisonment is not consistent with U.S.S.G. § 1B1.10 and, therefore, is not authorized under 18 U.S.C. § 3582(c)(2), if an amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a); see also Williams, 2013 WL 3778808, at *2. An amendment, such as Amendment 782, does not modify a defendant's Guidelines range if the defendant's original sentence involved "the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 App. Note 1(A).

Second, **if** the first step of the Dillon inquiry is satisfied, the Court "consider[s] any applicable [18 U.S.C.] § 3553(a) factors and determine[s] whether . . . the reduction authorized . . . at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827.

### III. Analysis

Mr. Mejia is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) for the drug charges (Counts 1 and 2) because he was sentenced pursuant to the statutory mandatory minimum sentence of 120 months under 21 U.S.C. § 841(b)(1)(A)(i). See United States v. Williams, 551 F.3d 182, 185 (2d Cir. 2009) ("once the mandatory minimum applied, [defendant's] sentence was no longer based on a sentencing range that has subsequently been lowered by the Sentencing Commission" (internal quotation marks omitted)); see also United States v. Derry, No. 15-1829, 2016 WL 3125885, at *5 (2d Cir. June 1, 2016) (where a "mandatory minimum displaces the otherwise applicable guideline range").

Mr. Mejia is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) for the firearm charge (Count 7) for two reasons. First, 18 U.S.C. § 924(c) is not covered by

4

Amendment 782 to the Guidelines. See FCJ Federal Sentencing Guidelines Manual Amendment 782 ("This amendment revises the guidelines applicable to drug trafficking offenses..."); see also United States v. Agostini, No. 00-CR-237, 2015 WL 8528451, at *5 (S.D.N.Y. Dec. 9, 2015) ("The intent of Amendment 782 was to reduce sentences for nonviolent drug offenders"). Second, Mr. Mejia was sentenced to the statutory mandatory minimum (consecutive) sentence of five years for the firearm charge. See 18 U.S.C. § 924(c)(1)(A)(i); see also Williams, 551 F.3d at 185.

"Only after a defendant has shown threshold eligibility for a sentencing reduction must the Court consider the second step of the Dillon inquiry." Williams, 2013 WL 3778808, at *3.

### IV. Conclusion & Order

For the reasons stated above, the Court respectfully denies Mr. Mejia's motion for sentence reduction [# 445]. The Clerk of the Court is requested to close this case.

This Decision is without prejudice to subsequent claims Mr. Mejia may make based upon future decisions of the Federal appellate courts should they apply to him.

Dated: New York, New York
July 21, 2016

_RMB_
**RICHARD M. BERMAN, U.S.D.J.**

5